| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

CLOVIS PRINCE, §
　　　　　　　　　　　　　　　　§
　　　　　Appellant, §
　　　　　　　　　　　　　　　　§
*versus* § CIVIL ACTION NO. 4:11-CV-851
　　　　　　　　　　　　　　　　§
AMERICAN BANK OF TEXAS, §
　　　　　　　　　　　　　　　　§
　　　　　Appellee. §

## MEMORANDUM AND ORDER

Pending before the court is Clovis Prince's ("Prince"), a *pro se* litigant, appeal from an order of the United States Bankruptcy Court for the Eastern District of Texas denying Prince's Second Motion for Rehearing and/or Set Aside Order in Relation to Order Denying Debtor's Discharge. *See* No. 09-43627 (Bankr. E.D. Tex. Nov. 11, 2011), ECF No. 308. Having reviewed the record, the submissions of the parties, and the applicable law, the court is of the opinion that the bankruptcy court's decision should be affirmed.

In November 2009, Prince filed a petition for relief under Chapter 7 of the Bankruptcy Code. On December 9, 2010, while the bankruptcy proceedings were pending, Prince was convicted of bank fraud, bankruptcy fraud, money laundering, and perjury.[1] On February 2, 2010, AT&T Mobility, LLC ("AT&T"), a creditor and non-party to this appeal, initiated an adversary proceeding by filing a complaint objecting to Prince's discharge based on these convictions. *See AT&T Mobility, LLC v. Clovis L. Prince*, No. 10-04044 (Bankr. E.D. Tex.).

---

[1] On March 9, 2012, Prince was sentenced to thirty years' imprisonment as to count one and ten years' imprisonment as to counts two through fifteen of the indictment to be served concurrently in Case Number 4:09-CR-161 and five years' imprisonment as to counts one through twenty-three of the indictment to be served concurrently in Case Number 4:10-CR-47. Further, the court ordered Prince to pay restitution in the amount of $13,640,425.56.

The bankruptcy court granted AT&T's motion for summary judgment ("AT&T summary judgment") and denied Prince's discharge in bankruptcy. *Id.* ECF No. 45; *see* No. 09-43627, ECF No. 171. Prior to the bankruptcy court's ruling in *AT&T*, American Bank filed a complaint seeking the same relief in a separate adversary proceeding. *See Am. Bank of Tex. v. Clovis L. Prince*, No. 10-04046 (Bankr. E.D. Tex.). Upon entry of the bankruptcy court's order denying discharge pursuant to the summary judgment in the AT&T proceeding, American Bank moved to dismiss its adversary suit without prejudice. On June 14, 2011, the bankruptcy court dismissed the adversary proceeding against Prince without prejudice. Subsequently, Prince filed two motions against American Bank for rehearing relating to the order denying discharge, wherein he complains of American Bank's actions taken in the dischargeability proceedings. Prince also attempts to argue the merits of the discharge. The bankruptcy court summarily denied both motions. This appeal followed.

In his brief, Prince asserts that the convictions against him were not final and, thus, could not be used to deny his discharge.[2] In response, American Bank maintains that the Order Denying Discharge is final because Prince did not appeal the AT&T summary judgment and the time to do so has since passed. Further, American Bank avers that Prince cannot use the dismissal of the American Bank adversary proceeding to challenge the denial of discharge. Finally, American Bank contends that the AT&T summary judgment collaterally estops Prince from contesting the dischargeability of his debt.

---

[2] In his Motion for Leave to Appeal, Prince asserts multiple grounds for appeal that parrot those raised in Prince's prior appeal to this court. The court's September 6, 2012, Memorandum and Order denying relief on these grounds, however, forecloses review of these issues.

Because Prince has not appealed the AT&T summary judgment order granting the denial of his discharge, the merits of his discharge are not before the court and cannot be reviewed.[3] Furthermore, the bankruptcy court's dismissal of the American Bank adversary proceeding was proper, as the issue of dischargeability was mooted by the AT&T summary judgment.  The court finds that Prince has failed to raise an appealable issue.  Accordingly, Prince's appeal is denied, and the bankruptcy court's Order Denying Second Motion for Rehearing and/or Set Aside Order in Relation to Order Denying Debtor's Discharge is AFFIRMED.

SIGNED at Beaumont, Texas, this 10th day of September, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Federal Rule of Bankruptcy Procedure 8006, the record on appeal shall include "the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court."  FED. R. BANKR. P. 8006.  In addition to Prince's failure to include AT&T as a party to this appeal, he also failed to designate the AT&T summary judgment for inclusion in the record.